# [Public Copy - Sealed Material Redacted]

No. 22-1652

---

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

JAMIE DOE,

Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION,

Respondent.

---

On Petition for Review of an Order of
the Securities and Exchange Commission

---

## BRIEF OF THE SECURITIES AND EXCHANGE COMMISSION, RESPONDENT

---

DAN M. BERKOVITZ
General Counsel

MICHAEL A. CONLEY
Solicitor

EMILY T. PARISE
Senior Appellate Counsel

MICHAEL J. KELLY
Appellate Counsel

Securities & Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9040
(202) 551-7817 (Kelly)
kellymich@sec.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... iii

INTRODUCTION ................................................................................... 1

COUNTERSTATEMENT OF JURISDICTION ........................................ 4

COUNTERSTATEMENT OF THE ISSUES .............................................. 5

STATEMENT OF RELATED CASES ....................................................... 5

COUNTERSTATEMENT OF THE CASE .................................................. 6

I.    The Whistleblower Award Program ................................................. 6

II.   Factual and Procedural Background ................................................ 9

    A.    The Covered Action .................................................................. 9

    B.    Whistleblower Claims by Petitioner and Others ................. 10

    C.    The Final Order ....................................................................... 14

    D.    Petitioner's Appeal ................................................................. 18

STANDARD OF REVIEW ...................................................................... 19

SUMMARY OF THE ARGUMENT ........................................................ 21

ARGUMENT ......................................................................................... 23

I.    The Commission reasonably denied petitioner's award claim. ...... 23

    A.    Petitioner did not qualify as a whistleblower and
           therefore was ineligible for an award. ................................. 23

B.    Petitioner's perfunctory challenge to the Commission's decision not to exercise its discretionary waiver or exemptive authority should be deemed forfeited; it is in any event substantively meritless. ...................................26

II.    Record augmentation is unwarranted...........................................36

CONCLUSION ........................................................................42

CERTIFICATIONS

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**                                                            **Page(s)**

*Advocates for Highway & Auto Safety v. Fed. Motor Carrier*
   *Safety Admin.*, 429 F.3d 1136 (D.C. Cir. 2005) ................................ 40

*Albert Einstein Med. Ctr. v. Sebelius,*
   566 F.3d 368 (3d Cir. 2009) .............................................................. 20

*Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC,*
   793 F.3d 313 (3d Cir. 2015) .............................................................. 27

*BellSouth Corp. v. FCC,*
   162 F.3d 1215 (D.C. Cir. 1999) ........................................................ 20

*Brady v. Ostrager,*
   834 F. App'x 616 (2d Cir. 2020) ...................................................... 36

*Califano v. Sanders,*
   430 U.S. 99 (1977) ............................................................................ 20

*Cerny v. SEC,*
   707 F. App'x 29 (2d Cir. 2017) ........................................................ 29

*Citizens to Preserve Overton Park, Inc. v. Volpe,*
   401 U.S. 402 (1971) .......................................................................... 20

*C.K. v. N.J. Dep't of Health & Human Servs.,*
   92 F.3d 171 (3d Cir. 1996) ........................................................... 19-20

*Dig. Realty Tr., Inc. v. Somers,*
   138 S. Ct. 767 (2018) ............................................................... *passim*

*Doe v. SEC,*
   729 F. App'x 1 (D.C. Cir. 2018) ...................................................... 38

*Johnston v. SEC,*
   --- F.4th ---, No. 21-1132, 2022 WL 4390865
   (D.C. Cir. Sept. 23, 2022) ................................................................ 40

*Kost v. Kozakiewicz,*
   1 F.3d 176 (3d Cir. 1993) ................................................................. 27

*Laborers' Int'l Union of North America v. Foster Wheeler Energy Corp.*, 26 F.3d 375 (3d Cir. 1994) .................................... 27, 40

*Mercy Home Health v. Leavitt*, 436 F.3d 370 (3d Cir. 2006) ................................................ 20

*Mountain Sols., Ltd. v. FCC*, 197 F.3d 512 (D.C. Cir. 1999) ....................................... 20-21

*NLRB v. CNN Am., Inc.*, 865 F.3d 740 (D.C. Cir. 2017) .......................................... 36

*NVE, Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182 (3d Cir. 2006) ....................................... 36, 37

*Omnipoint Corp. v. FCC*, 213 F.3d 720 (D.C. Cir. 2000) .......................................... 21

*PennMont Sec. v. SEC*, 414 F. App'x 465 (3d Cir. 2011) .................................. 16, 28

*SEC v. Chenery Corp.*, 318 U.S. 80 (1943) .............................................................. 36

*Simmons v. City of Phila.*, 947 F.2d 1042 (3d Cir. 1991) ........................................... 27

*Turro v. FCC*, 859 F.2d 1498 (D.C. Cir. 1988) ........................................ 20

*Universal City Studios LLLP v. Peters*, 402 F.3d 1238 (D.C. Cir. 2005) ................................. 20, 21

*Yeboah v. U.S. Dep't of Justice*, 345 F.3d 216 (3d Cir. 2003) ........................................... 19

## Statutes

5 U.S.C. § 706(2)(A) ........................................................ 19, 37

5 U.S.C. § 706(2)(E) ............................................................ 20

5 U.S.C. § 706(2)(F) ....................................................... 36, 37

Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, et seq.

    Section 21F, 15 U.S.C. § 78u-6 ................................................. 2, 8, 11

    Section 21F(a), 15 U.S.C. § 78u-6(a) ................................................. 16

    Section 21F(a)(1), 15 U.S.C. § 78u-6(a)(1) ........................................... 2

    Section 21F(a)(6), 15 U.S.C. § 78u-6(a)(6) ............................... *passim*

    Section 21F(b), 15 U.S.C. § 78u-6(b) ................................................. 12

    Section 21F(b)(1), 15 U.S.C. § 78u-6(b)(1) ................................... 6, 23

    Section 21F(c)(2)(D), 15 U.S.C. § 78u-6(c)(2)(D) ............................... 7

    Section 21F(f), 15 U.S.C. § 78u-6(f) ............................................... 4, 19

    Section 21F(j), 15 U.S.C. § 78u-6(j) ............................................... 2, 6

    Section 36, 15 U.S.C. § 78mm ........................................................... 2

    Section 36(a), 15 U.S.C. § 78mm(a)............................................. *passim*

Dodd-Frank Wall Street Reform and Consumer Protection Act,
    Pub. L. No. 111-203, 124 Stat. 1376 (2010) ............................. 2, 6, 23

## **Rules and Regulations**

Fed. R. App. 27(a)(1) ....................................................................... 36

Fed. R. App. 28(a)(8) ....................................................................... 26

Rules Under the Securities Exchange Act of 1934,
    17 C.F.R. §§ 240.21F-1, et seq.

    Rule 21F-2(a), 17 C.F.R. § 240.21F-2(a) .................................... 11, 15

    Rule 21F-2(a)(1), 17 C.F.R. § 240.21F-2(a)(1)........................ 7, 24, 31

    Rule 21F-2(b), 17 C.F.R. § 240.21F-2(b) ...................................... 7, 24

    Rule 21F-3(a), 17 C.F.R. § 240.21F-3(a) ........................................... 39

    Rule 21F-4, 17 C.F.R. § 240.21F-4 ................................................... 24

    Rule 21F-4(a), 17 C.F.R. § 240.21F-4(a) .......................................... 13

    Rule 21F-4(b)(5), 17 C.F.R. § 240.21F-4(b)(5).................................. 32

    Rule 21F-8, 17 C.F.R. § 240.21F-8 ................................................... 24

    Rule 21F-8(a), 17 C.F.R. § 240.21F-8(a) ................................... *passim*

Rule 21F-8(d), 17 C.F.R. § 240.21F-8(d) ............................................ 7

Rule 21F-9, 17 C.F.R. § 240.21F-9 .......................................... *passim*

Rule 21F-9(a), 17 C.F.R. § 240.21F-9(a) ...................................... 7, 24

Rule 21F-9(b), 17 C.F.R. § 240.21F-9(b) ...................................... 7, 25

Rule 21F-9(e), 17 C.F.R. § 240.21F-9(e) .......................................... 8

Rule 21F-12, 17 C.F.R. § 240.21F-12 .............................................. 38

*Securities Whistleblower Incentives and Protections,*
    76 Fed. Reg. 34,300 (June 13, 2011) ............................................ 2, 7

## Commission Releases

*Application of PennMont Sec., Inc.,*
    Exchange Act Rel. No. 61967, 98 SEC Docket 1255,
    2010 WL 1638720 (Apr. 23, 2010) .......................................... 16, 28

*Order Determining Whistleblower Award Claims,*
    Exchange Act Rel. No. 82181, 118 SEC Docket 558,
    2017 WL 5969236 (Nov. 30, 2017) .......................................... 28

*Order Determining Whistleblower Award Claim,*
    Exchange Act Rel. No. 82955,
    2018 WL 1516953 (Mar. 27, 2018) .................................. 9, 11

*Order Determining Whistleblower Award Claim,*
    Exchange Act Rel. No. 85273,
    2019 WL 1098914 (Mar. 8, 2019) ...................................... 28

*Order Determining Whistleblower Award Claim,*
    Exchange Act Rel. No. 89002,
    2020 WL 3030497 (June 4, 2020) .................................. 28-29

*Order Determining Whistleblower Award Claims,*
    Exchange Act Rel. No. 90059,
    2020 WL 5844124 (Sept. 30, 2020) .................................... 29

*Order Determining Whistleblower Award Claim,*
    Exchange Act Rel. No. 91584,
    2021 WL 1534697 (Apr. 16, 2021) ...................................... 9

*Order Determining Whistleblower Award Claims,*
  Exchange Act Rel. No. 91902,
  2021 WL 1966328 (May 17, 2021) ................................................... 40

## **Other Authorities**

iContact, *Easiest email marketing tool for businesses*,
  iContact.com, https://www.icontact.com/
  (last visited Oct. 3, 2022) .................................................................. 13

Securities and Exchange Commission,
  *Office of the Whistleblower, Submit a Tip*, SEC.gov,
  https://www.sec.gov/whistleblower/submit-a-tip
  (last modified Sept. 30, 2022) ............................................................ 8

S. Rep. No. 111-176 (2010) ................................................... 6, 16, 23, 37

No. 22-1652

---

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

JAMIE DOE,

Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION,

Respondent.

---

On Petition for Review of an Order of
the Securities and Exchange Commission

---

**BRIEF OF THE SECURITIES AND EXCHANGE COMMISSION,
RESPONDENT**

---

## INTRODUCTION

This Court should affirm the Commission's denial of petitioner
Jamie Doe's whistleblower award claim because petitioner failed to
satisfy an elemental prerequisite for award eligibility: providing
information about securities law violations *directly* to the Securities and
Exchange Commission ("Commission") in the form and manner it
prescribes. In 2010, Congress amended the Securities Exchange Act of
1934 ("Exchange Act") to establish the whistleblower award program at
issue to incentivize persons with knowledge of securities law violations

1

to share that knowledge with the Commission. *See* Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010) ("Dodd-Frank"); Exchange Act Section 21F(j), 15 U.S.C. § 78u-6(j).[1] Congress granted the Commission authority to implement and administer that program, which it did by promulgating award program rules. *See Securities Whistleblower Incentives and Protections*, 76 Fed. Reg. 34,300 (June 13, 2011).

Petitioner ("Claimant 2" in the Commission's order) submitted a whistleblower award claim for a "covered action" (any Commission enforcement action resulting in sanctions exceeding $1,000,000, Section 21F(a)(1)), as did another claimant ("Claimant 1" in the Commission's order). A 3-13.[2] To be eligible for an award, one must submit information *directly* to the Commission and do so in accord with procedures set out in Rule 21F-9, 17 C.F.R. § 240.21F-9.[3] *See Dig.*

---

[1] The Commission's relevant whistleblower statute and general exemptive authority are codified at 15 U.S.C. §§ 78u-6 and 78mm and are cited in this brief, respectively, as Section 21F and Section 36.

[2] "A __" refers to the Appendix. "Br. __" refers to petitioner's opening brief. "App. __" refers to this Court's docket.

[3] The Commission's whistleblower rules are codified at 17 C.F.R. §§ 240.21F-1 through 240.21F-18 and are cited in this brief, respectively, as Rule 21F-1 through Rule 21F-18.

2

*Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 777 (2018) (explaining that an individual must report "to the Commission" to qualify as a "whistleblower" under Section 21F(a)(6) (internal quotation marks omitted)). Petitioner did not and does not dispute failing to submit information to the Commission in accordance with the procedures set out in Rule 21F-9; instead, petitioner claimed authorship of a publicly published online report (the "Report") exposing the misconduct underlying the covered action, which the Commission learned of without aid from petitioner. The Commission therefore concluded in its March 11, 2022 order that petitioner had not directly submitted information to the Commission and thus was ineligible for an award. The Commission also found no "extraordinary circumstances" prevented petitioner from directly submitting information, which is necessary to trigger the Commission's discretionary authority to grant a waiver under Rule 21F-8(a), and likewise found that application of the direct-reporting requirement resulted in no unfair or unanticipated hardship that would warrant an exemption under Section 36(a).

The Commission found that Claimant 1 also had failed to comply with Rule 21F-9's procedural requirements, but—unlike petitioner—

had directly submitted information to the Commission by email just three days after the Report was published online. The Commission exercised its discretion under Section 36(a) to exempt Claimant 1 from the procedural requirements of Rule 21F-9 and grant Claimant 1 an award, contrasting Claimant 1 with petitioner, who "did not submit any information concerning the Company to the Commission at any point[.]"

Petitioner now challenges the whistleblower award denial under the Administrative Procedure Act ("APA") but fails to show that the Commission's order was arbitrary and capricious or that the Commission's decision to treat petitioner differently from Claimant 1 in the granting of an exemption was an abuse of discretion in light of their differing circumstances. The Court should affirm.

## COUNTERSTATEMENT OF JURISDICTION

The Commission denied petitioner's whistleblower award claim in a final order on March 11, 2022. A 1-13. Petitioner filed a petition for review on April 8, 2022, which was within 30 days of the challenged order and therefore timely. A 14-21; Section 21F(f). This Court has jurisdiction pursuant to Section 21F(f).

## COUNTERSTATEMENT OF THE ISSUES

Whether the Commission reasonably denied petitioner's whistleblower award claim because petitioner admittedly never directly provided the Commission with information relating to a securities violation in the form and manner required by the applicable statute and rules and where petitioner, who never claimed before the Commission to have directly provided the Commission with *any* information, did not meet the standard for the Commission to exercise its discretionary authority to grant a waiver from the applicable requirements under Rule 21F-8(a) or for it to grant an exemption under Section 36(a).

## STATEMENT OF RELATED CASES

This case has not previously been before this Court. The Commission is aware of pending litigation matters involving petitioner that are related to this case: ████████████████████ ██████████████████████████████████ ██████████████████████

## COUNTERSTATEMENT OF THE CASE

### I.    The Whistleblower Award Program

The 2010 Exchange Act amendment enacting Dodd-Frank implemented a new whistleblower award program "to motivate those with inside knowledge to come forward and assist the Government to identify and prosecute persons who have violated securities laws[.]" S. Rep. No. 111-176, at 110 (2010). The motivation mechanism is Commission-awarded payments to eligible "whistleblowers who voluntarily provided original information *to the Commission* that led to the successful enforcement" of a "covered action." Section 21F(b)(1) (emphasis added). A "whistleblower" is one who "provides . . . information relating to a violation of the securities laws *to the Commission*, in a manner established, by rule or regulation, by the Commission." Section 21F(a)(6); *see also Dig. Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 777 (2018) (An individual must report "to the Commission" to qualify as a "whistleblower" under Section 21F(a)(6). (internal quotation marks omitted)).

Pursuant to Congressional authorization, Section 21F(j), the Commission adopted rules governing the whistleblower award program.

*See Securities Whistleblower Incentives and Protections*, 76 Fed. Reg. 34,300 (June 13, 2011). Those rules impose detailed prerequisites for award eligibility, which include providing "the Commission with information in writing that relates to a possible violation of the federal securities laws[,]" Rule 21F-2(a)(1), in a manner consistent with procedures set forth elsewhere in the rules, Rule 21F-2(b). Consistent with Congress's directive that "any whistleblower who fails to submit information to the Commission in such form as the Commission may, by rule, require" shall not receive an award, Section 21F(c)(2)(D), a would-be whistleblower must give "the Commission information in the form and manner that the Commission requires" to gain award eligibility, Rule 21F-8(a).

That form and manner includes providing the information on a Form TCR (Tip, Complaint, or Referral) created and revised by the Commission, Rule 21F-8(d), via the Commission's online TCR portal or via a mailing address or fax number publicized on the Office of the Whistleblower website, Rule 21F-9(a). Submissions must be supported by a declaration made under penalty of perjury. Rule 21F-9(b). Would-be whistleblowers have a 30-day grace period from the date of

information submission, in whatever form, within which they may

satisfy these procedural requirements. Rule 21F-9(e). Failure to timely

cure procedural deficiencies results in providers of original information

being "deemed ineligible for an award[.]" Rule 21F-9(e).

The Commission's Office of the Whistleblower website promotes

and provides information about the award program. It includes a

layperson-friendly distillation of the steps needed to become award-

eligible, which explains that to "qualify for an award under the

Whistleblower Program, you must submit information regarding

possible securities law violations to the Commission in one of the

following two ways:" either by "submitting a tip electronically through

the SEC's Tips, Complaints and Referrals Portal" or by "mailing or

faxing a Form TCR" to an address or fax number maintained on the

website.[4]

Commission orders have recognized that award eligibility requires

directly providing information to the Commission.

> The plain language of Section 21F and of our whistleblower
> rules . . . requires that information be "provided" and

---

[4] Securities and Exchange Commission, *Office of the Whistleblower*,
*Submit a Tip*, SEC.gov, https://www.sec.gov/whistleblower/submit-a-tip
(last modified Sept. 30, 2022).

"submitted" directly to the Commission in order to support an award—and makes no allowance for the online publication of information that, by happenstance, indirectly makes its way into the hands of Commission staff.

*Order Determining Whistleblower Award Claim*, Exchange Act Rel. No. 82955, 2018 WL 1516953, at *3 (Mar. 27, 2018); *see Order Determining Whistleblower Award Claim*, Exchange Act Rel. No. 91584, 2021 WL 1534697, at *3 (Apr. 16, 2021) (quoting *id.*).

## II.    Factual and Procedural Background

### A.    The Covered Action

On September 30, 2015, the Commission filed a settled cease-and-desist proceeding against ███████████████████ (the "Company") and its chairman and chief executive officer ███████ (the "CEO") for negligently failing to disclose the Company's partial sale of a subsidiary to insiders at favorable pricing ahead of the Company's sale of that same subsidiary to a third party at a much higher price. A 3-4. The sale profited insiders at shareholder expense. *Id.* The Company and CEO consented to entry of an order requiring the Company to pay $██████ in penalties and the CEO to pay $██████ in penalties, the same amount in disgorgement, and $████████ in prejudgment interest. A 4.

9

### B.    Whistleblower Claims by Petitioner and Others

The Commission posted a notice of covered action for the settled
cease-and-desist proceeding against the Company and CEO on October
30, 2015. A 4. Petitioner timely submitted an award application
claiming to be "a principal author of the attached [Report][,]" which was
"released publicly on 11/21/2011" and further claiming that information
therein "became the cornerstone of the Commissions' [sic] case" against
the Company and CEO. A 121-22. The Report was published by ████████
███████████████, a firm associated with Claimant 1, *see* A 4, n.3, and
contained detailed information concerning the activities of the Company
and CEO, including the sale of the subsidiary implicated in the
Commission's enforcement action. A 28-107.

In the section of petitioner's award application for identifying
"Tip/Complaint Details[;]" "Manner in which original information was
submitted to SEC:" the "Other" box is checked and the phrase "news
media" appears beside it. A 121. Boxes for "SEC website[,]" "Mail[,]" and
"Fax" were unchecked. *Id*. The "Tip, Complaint or Referral number"
field states "n/a" but the "Date TCR . . . submitted to SEC" field states
"11/21/11[,]" the Report's public release date. *Id*. The application did not

claim petitioner ever directly submitted any information to the Commission. *See* A 121-22. Nor did it indicate that petitioner sought joint treatment with any other award applicant. *Id*.

On July 29, 2019, the Commission's Claims Review Staff issued a preliminary determination that recommended denying petitioner's award claim. A 123-28. The determination reasoned that petitioner was not a "whistleblower"—and therefore ineligible for an award—under Rule 21F-2(a) because "[petitioner] did not provide the Commission with information relating to a possible securities law violation pursuant to the procedures set forth in Exchange Act Rule 21F-9." A 127; *see* A 134 (declaration from a Commission enforcement attorney averring petitioner never filed a tip or communicated with enforcement staff about the Company). Staff credited the Report as instrumental in reaching resolution with the Company and CEO, but stated that "[e]nforcement staff obtained the online [Report] through its own initiative from a public website[,]" citing a prior award denial concluding that online postings were insufficient to establish whistleblower status. A 128 n.5 (citing Exchange Act Rel. No. 82955, 2018 WL 1516953, at *3 ("The plain language of Section 21F and of our

whistleblower rules . . . makes no allowance for the online publication of information that, by happenstance, indirectly makes its way into the hands of Commission staff.")).

Staff also recommended denying the claims of Claimant 1 and two others.[5] A 123-28. Claimant 1's award bid, like petitioner's, depended on the Report. *See* A 4 (report relied on by petitioner is "the same online report that Claimant 1 published"). Staff found Claimant 1 ineligible because Claimant 1 did not become a whistleblower until submitting a Form TCR *after* the notice of the covered action was published and therefore did not provide any information to the Commission as a "whistleblower" that led to the successful enforcement of the covered action. A 126; *see* Section 21F(b) (The Commission "shall pay an award or awards to 1 or more whistleblowers who voluntarily provided original information to the Commission that led to the successful enforcement of the covered judicial or administrative action[.]"). Staff also concluded

---

[5] The Commission later reversed this recommendation with respect to Claimant 1, A 3-13, whose claim is referred to throughout petitioner's briefing. The Commission did not address the other two claimants (Claimants 3 and 4), who are unmentioned in petitioner's brief, because neither contested the preliminary determination's denial recommendation. A 3 n.1.

that Claimant 1 was ineligible because Claimant 1 had not submitted

information voluntarily but in response to Commission requests, A 126;

*see* Rule 21F-4(a), and did not give information "to the Commission"

because the Commission obtained the Report "through its own initiative

from a public website[,]" A 127 n.3.

Petitioner timely contested the preliminary determination. A 136-

61. In materials provided to contest the determination, petitioner

claimed to be a "principal author" of the Report, and stated that the

Commission had been "directly notified of the [Report] in November

2011 via 1) iContact email push notification, 2) tweets from the ████

████████████ account [i.e., a social media account associated with

████████, Claimant 1's company], 3) significant media coverage of

the [Report]."[6] A 138. Petitioner asserted that "[o]n information and

belief, [the Report] email notification was transmitted to several

'@sec.gov' accounts, including" that of a Commission attorney at the Los

---

[6] iContact is a business that provides tools and services intended to facilitate "email marketing . . . for businesses[.]" iContact, *Easiest email marketing tool for businesses*, iContact.com, https://www.icontact.com/ (last visited Oct. 3, 2022).

Angeles regional office. A 142. Petitioner did not claim to have authored
or sent any email or other transmission to the Commission.

## C.    The Final Order

The Commission's March 11, 2022 final order adopted the staff's
recommendation to deny petitioner's award claim. A 3-13. The
Commission focused on Section 21F(a)(6)'s definition of "whistleblower"
as one "who *provides* . . . information relating to a violation of the
securities laws to the Commission, *in a manner established, by rule or
regulation, by the Commission*." A 10 (alteration in original).

> Even if an individual was the original source of a report that
> the Commission staff discovered during an online search, in
> order to be eligible for an award, the individual would still
> need to demonstrate that he or she provided the report to the
> Commission in the form and manner required.

*Id*. Petitioner failed to clear this elemental hurdle because "[petitioner]
does not dispute . . . fail[ing] to submit . . . information to the
Commission in accordance with the procedures set out in Rule 21F-9."
A 11.

The Commission additionally found that petitioner was ineligible
for an award because petitioner failed to provide information directly to
the Commission and thus was not a "whistleblower" under Section

14

21F(a)(6) and Rule 21F-2(a). *Id.* As for petitioner's claim to have indirectly provided the Report to the Commission via "iContact email push notification," social media postings, and news coverage, the Commission explained that "[petitioner] does not assert that [petitioner] was the author or sender of these emails and postings and thus [petitioner] has failed to show that [petitioner] provided . . . information directly to the Commission." *Id.* (internal quotation marks omitted).

The Commission considered whether to exercise discretionary authority under Rule 21F-8(a) ("the Commission may, in its sole discretion, waive any of these [whistleblower award] procedures based upon a showing of extraordinary circumstances") or Section 36(a) ("the Commission . . . may . . . exempt any person . . . from any provision or provisions of this title or of any rule or regulation thereunder, to the extent that such exemption is necessary or appropriate in the public interest . . . ."). A 12-13. It concluded neither was appropriate.

The Commission's Rule 21F-8(a) analysis evaluated "extraordinary circumstances" by considering whether "the reason for the failure . . . was beyond the control of the applicant" and the applicant "promptly arranged" to take the delayed action "as soon as

15

reasonably practical thereafter." A 12 (quoting *Application of PennMont Sec., Inc.*, Exchange Act Rel. No. 61967, 98 SEC Docket 1255, 2010 WL 1638720, at \*4 (Apr. 23, 2010), *aff'd sub nom. PennMont Sec. v. SEC*, 414 F. App'x 465 (3d Cir. 2011)). Because petitioner identified no circumstances that blocked direct submission of information, the Commission found that Rule 21F-8(a) relief was unavailable. *Id.*

The Commission also declined to use its Section 36(a) exemptive authority, observing that Section 21F(a) "requires that an individual provide information 'to the Commission' to qualify as a whistleblower, and the Supreme Court has described this definitional requirement as 'clear and conclusive.'" A 13 (quoting *Dig. Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 781-82 (2018)). Moreover, the whistleblower program is designed to motivate those with inside or special knowledge "*to come forward and assist the Government* to identify and prosecute persons who have violated securities laws and recover money for victims of financial fraud." *Id.* (quoting S. Rep. No. 111-176, at 110 (2010)). Accordingly, the Commission "never before granted an exemption from this requirement" to provide information directly to the Commission and "decline[d] [petitioner's] invitation to do so now." *Id.*

As for Claimant 1, the Commission agreed with staff that Claimant 1's belated submission of a Form TCR "years after the online [Report]" failed to qualify Claimant 1 as an award-eligible whistleblower. A 7-8. But the Commission granted Claimant 1 a Section 36(a) exemption based on Claimant 1 having "emailed a copy of [the Report] to" a Commission enforcement attorney "just three days after the [Report] was released online [November 24, 2011] and a month before the Commission opened its investigation." A 7. The Commission had previously exercised its "Section 36(a) exemptive authority in other cases where a whistleblower represented by counsel filed a Form TCR years after first providing information to the Commission." A 8 n.17 (collecting orders). Other facts counseling in favor of Section 36(a) discretion included that the Report "was credible and of high quality and caused Enforcement staff to open" the investigation into the Company and CEO; "Claimant 1 submitted [a] tip just . . . after the whistleblower rules went into effect, when the filing requirements were still unfamiliar to many individuals"; and Commission staff had warned Claimant 1 that providing false information could lead to criminal penalties. A 8.

The Commission distinguished its treatment of Claimant 1's award claim from that of petitioner: "In contrast to Claimant 1," who had emailed a copy of the Report directly to a Commission enforcement attorney just three days after the Report was released publicly online, "[petitioner] did not submit any information concerning the Company to the Commission at any point prior to the settled cease-and-desist proceeding or even prior to [petitioner's] award application on Form WB-APP." A 13.

### D.   Petitioner's Appeal

Petitioner sought review of the Commission's final order. App. 1. The Commission filed the administrative record, App. 16, and responded to a filing by petitioner suggesting that the record had not yet been filed, App. 18, by explaining that the complete record had in fact been filed, App. 19. Petitioner, simultaneously with the filing of the opening brief, separately moved that the record be augmented to include appendix items A 162-90 (which include among other things a declaration from petitioner, news articles, and emails between counsel). App. 25. The Commission opposed on the grounds that administrative review is generally confined to examining whether the agency action

was justified based on the record before it, and none of the proposed supplementary materials were part of the record before the Commission or relevant to its determination; in fact, almost all were created after the challenged final order. App. 34. This Court construed petitioner's motion as a "motion[] to expand the record" and referred it to the merits panel. App. 38. At no point in petitioner's motion to expand the record did petitioner move to compel the Commission to supplement the record with more documents relating to its determination as to Claimant 1; instead, petitioner made that separate request in the opening brief. Br. 22-25.

## STANDARD OF REVIEW

Whistleblower award decisions "shall be in the discretion of the Commission[,]" Section 21F(f), and are subject to reversal or modification only where "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[,]" 5 U.S.C. § 706(2)(A). That "standard of review is a narrow one" under which "the reviewing court may set aside the agency decision only if there is 'clear error of judgment.'" *Yeboah v. U.S. Dep't of Justice*, 345 F.3d 216, 221 (3d Cir. 2003) (first quoting *C.K. v. N.J. Dep't of Health & Human Servs.*, 92

F.3d 171, 181 (3d Cir. 1996); then quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415-16 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)). Commission findings should be disturbed only if "unsupported by substantial evidence[.]" 5 U.S.C. § 706(2)(E). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Albert Einstein Med. Ctr. v. Sebelius*, 566 F.3d 368, 372 (3d Cir. 2009) (internal quotation marks omitted) (quoting *Mercy Home Health v. Leavitt*, 436 F.3d 370, 380 (3d Cir. 2006)).

A court's review of an agency's denial of a request for a waiver (or an exemption) is "highly deferential[.]" *Universal City Studios LLLP v. Peters*, 402 F.3d 1238, 1242 (D.C. Cir. 2005); *accord Turro v. FCC*, 859 F.2d 1498, 1499 (D.C. Cir. 1988). "Challenging the denial of a waiver is … not an easy task because an applicant for waiver bears the heavy burden on appeal to show that 'the Commission's reasons for declining to grant the waiver were so insubstantial as to render that denial an abuse of discretion.'" *BellSouth Corp. v. FCC*, 162 F.3d 1215, 1222 (D.C. Cir. 1999) (quoting *Turro*, 859 F.2d at 1499); *accord Mountain Sols.,*

*Ltd. v. FCC*, 197 F.3d 512, 517 (D.C. Cir. 1999). "An 'agency's strict construction of a general rule in the face of waiver requests is insufficient evidence of an abuse of discretion.'" *Universal City Studios*, 402 F.3d at 1242 (quoting *Omnipoint Corp. v. FCC*, 213 F.3d 720, 723 (D.C. Cir. 2000)).

## SUMMARY OF THE ARGUMENT

The Court should affirm the denial of petitioner's award claim because the Commission reasonably concluded that petitioner did not qualify as a whistleblower under Section 21F(a)(6) and related regulations and did not abuse its discretion in declining to grant petitioner a waiver or exemption from those requirements.

*First*, it is undisputed that petitioner did not qualify for an award by submitting information to the Commission in the form and manner prescribed by the applicable rules, and the Commission reasonably rejected petitioner's claim to eligibility based on the Commission learning of the Report through indirect means such as media coverage or an email sent by another party.

*Second*, petitioner forfeited the challenge to the Commission's discretionary decision to not grant a waiver or an exemption because

petitioner's brief does not develop that argument. In any case, the Commission's reasoning in explaining why petitioner did not meet the standard for either a waiver or an exemption was clear and well-supported, as was the distinction it drew between its treatment of petitioner and the exemption granted to Claimant 1, namely that Claimant 1 directly provided information to the Commission promptly after the publication of the Report, while petitioner did not directly provide information to the Commission at all. Petitioner now claims for the first time on appeal that petitioner and Claimant 1 both sent an email directly to the Commission on November 21, but petitioner never raised that argument before the Commission, and, in any event, concedes that petitioner merely observed someone else send the email.

*Third*, the Court should deny petitioner's request to augment the record to include additional materials concerning *Claimant 1* because the Commission did not rely on those additional materials to decide petitioner's award claim, making them irrelevant to this appeal.

# ARGUMENT

## I. The Commission reasonably denied petitioner's award claim.

### A. Petitioner did not qualify as a whistleblower and therefore was ineligible for an award.

Petitioner does not dispute (below or on appeal) never having provided information to the Commission in the *form and manner* prescribed by the statute and rules, and thus was ineligible for an award.

As part of its 2010 enactment of Dodd-Frank, Congress amended the Exchange Act to implement "a new, robust whistleblower program designed to motivate people who know of securities law violations *to tell the SEC.*" S. Rep. No. 111-176, at 38 (2010) (emphasis added). The new statute directed that "the Commission, under regulations prescribed by the Commission . . . shall pay . . . awards to . . . whistleblowers who voluntarily provided original information *to the Commission* that led to the successful enforcement of the covered judicial or administrative action[.]" Section 21F(b)(1) (emphasis added). Congress defined "whistleblower"—i.e., the class of persons provisionally eligible to receive a whistleblower award—as "any individual who provides, or 2 or

more individuals acting jointly who provide, information relating to a violation of the securities laws *to the Commission, in a manner established, by rule or regulation, by the Commission*." Section 21F(a)(6) (emphasis added).

Commission-promulgated rules further clarify and refine the steps required to be eligible for a whistleblower award. One must "provide the Commission with information in writing that relates to a possible violation of the federal securities laws (including any law, rule, or regulation subject to the jurisdiction of the Commission) that has occurred, is ongoing, or is about to occur." Rule 21F-2(a)(1). A prospective whistleblower must also "comply with the procedures and the conditions described in §§ 240.21F-4, 240.21F-8, and 240.21F-9." Rule 21F-2(b).

Those procedures include "giv[ing] the Commission information in the form and manner that the Commission requires[,]" Rule 21F-8(a), which are set forth in the rules: submitting information to the Commission via an online TCR (Tip, Complaint, or Referral) portal or by mailing or faxing a Form TCR to a Commission-designated address or fax number, Rule 21F-9(a). The would-be whistleblower must also

"declare under penalty of perjury at the time you submit your information . . . that your information is true and correct to the best of your knowledge and belief." Rule 21F-9(b).

Applying those rules, the Commission correctly concluded that petitioner did not qualify as a whistleblower and, consequently, was ineligible for an award. A 10-13. Petitioner did not (and does not) dispute failing to comply with the requirements to provide information to the Commission via the Form TCR. A 11 ("[petitioner] does not dispute . . . fail[ing] to submit . . . information to the Commission in accordance with the procedures set out in Rule 21F-9."). Rather, petitioner claimed authorship of the Report—which the Commission credited, A 4 n.3—and asserted that the Commission learned of the Report via "iContact email push notification," social media postings, and media coverage.[7] A 11. The Commission reasonably concluded that the means of transmission identified in petitioner's submissions did not qualify petitioner as a whistleblower. *See id*. Because petitioner never established or even claimed to have submitted information in the form

---

[7] The Commission also observed that the Report stated that "it was put together with the assistance of '12 people with expertise in accounting, finance, law, advertising, and entrepreneurship[.]'" A 9 n.20; *see* A 31.

and manner prescribed by the Commission's rules, the Commission's decision that petitioner was ineligible for an award (unless a waiver or exemption applied, *see infra* Section I.B), must be affirmed.

> **B.    Petitioner's perfunctory challenge to the Commission's decision not to exercise its discretionary waiver or exemptive authority should be deemed forfeited; it is in any event substantively meritless.**

Petitioner purports to challenge the Commission's act of "refusing to exercise its discretionary authority in favor of [petitioner's] application," Br. 1 (petitioner's statement of issues), but failed to meaningfully develop that argument in its opening brief, thereby forfeiting it. Should the Court opt to address that challenge on the merits, the Commission's decision was reasonable and well within its discretion for the reasons clearly articulated in its final order.

1.  An appellant's opening brief must include the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]" Fed. R. App. 28(a)(8). If "an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of

appeals." *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993); *see Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 319 n.7 (3d Cir. 2015) (citing *Kost*). A "passing reference to an issue . . . will not suffice to bring that issue before this [C]ourt." *Laborers' Int'l Union of North America v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (first alteration in original) (quoting *Simmons v. City of Phila.*, 947 F.2d 1042, 1066 (3d Cir. 1991)).

Petitioner's statement of issues lists the Commission's refusal "to exercise its discretionary authority in favor of [petitioner's] application," Br. 1, as among the several challenged aspects of the final order, but petitioner does not develop that challenge any further. The two sources of discretionary authority the Commission considered but rejected exercising were Rule 21F-8(a) and Section 36(a). A 12-13. Petitioner's brief makes no mention whatsoever of Rule 21F-8(a). The brief mentions Section 36(a) once when describing the final order in its statement of the case, Br. 10, but not at all in the argument. While the Commission's order set forth clearly the standards governing the exercise of these sources of discretionary authority, petitioner's brief does not discuss those standards at all, let alone explain why the

Commission erred in declining to exercise its discretion under them.

This amounts to a "passing reference" at most and so petitioner

forfeited the argument.

2.  If this Court nonetheless considers this argument, it should

reject it because the Commission acted reasonably and well within its

discretion in declining to waive procedures applicable to whistleblower

claims under Rule 21F-8(a). Rule 21F-8(a) allows the Commission "in

its sole discretion" to "waive any of these procedures based upon a

showing of extraordinary circumstances." "Extraordinary

circumstances" are those "where the reason for the failure timely to file

was beyond the control of the applicant that causes the delay." A 12[8];

---

[8] The Commission provided this explanation of what constitutes "extraordinary circumstances" in *Application of PennMont Sec.*, Exchange Act Rel. No. 61967, 98 SEC Docket 1255, 2010 WL 1638720, at *4 (Apr. 23, 2010), *aff'd sub nom. PennMont Sec. v. SEC*, 414 F. App'x 465 (3d Cir. 2011), and has applied it consistently thereafter. *See Order Determining Whistleblower Award Claims*, Exchange Act Rel. No. 82181, 118 SEC Docket 558, 2017 WL 5969236, at *4-5 (Nov. 30, 2017) (rejecting claimants' request that it use its discretionary authority to excuse their untimely TCR submission); *Order Determining Whistleblower Award Claim*, Exchange Act Rel. No. 85273, 2019 WL 1098914 (Mar. 8, 2019) (finding that claimants did not demonstrate the existence of "extraordinary circumstances" necessary to trigger the Commission's discretion to waive their failure to file their whistleblower award claims by the deadline); *Order Determining Whistleblower Award Claim*, Exchange Act Rel. No. 89002, 2020 WL 3030497, at *2-3 (June 4,

*Cerny v. SEC*, 707 F. App'x 29, 31 (2d Cir. 2017) (upholding Commission's interpretation of "extraordinary circumstances" for Rule 21F-8(a)). Petitioner did not justify the failure to submit information to the Commission at all, much less identify "extraordinary circumstances," so Rule 21F-8(a) was inapplicable. A 12.

The Commission likewise reasonably declined to exempt petitioner under Section 36(a), which allows the Commission to grant an exemption from any securities rule or regulation so long as it "is necessary or appropriate in the public interest, and is consistent with the protection of investors." The Commission observed that both the statute and Supreme Court interpretation thereof establish the requirement of submitting information "to the Commission" as foundational to the whistleblower program. A 13 ("the Supreme Court has described this definitional requirement as 'clear and conclusive'" (quoting *Dig. Realty Tr., Inc. v. Somers*, 138 S. Ct 767, 781-82)); *see* Section 21F(a)(6). The Commission explained that it had "never before

_____

2020) (same); *Order Determining Whistleblower Award Claims*, Exchange Act Rel. No. 90059,  2020 WL 5844124, at *6 (Sept. 30, 2020) (same).

granted an exemption from this requirement, and . . . decline[d] [petitioner's] invitation to do so" in this matter. *Id*.

The Commission also reasonably explained the basis for denying petitioner's request for a Section 36(a) exemption but granting an exemption for Claimant 1: in "contrast to Claimant 1, [petitioner] did not submit any information concerning the Company to the Commission at any point prior to the settled cease-and-desist proceeding or even prior to [petitioner's] award application." *Id*. That determination was based on substantial evidence and well within the Commission's discretion.

None of petitioner's challenges to the Commission's determination has merit. *First*, petitioner asserts the Commission's "reasoning is incoherent and internally inconsistent" because it granted Claimant 1 an award while denying the same to petitioner. Br. 18-20. But this argument depends on the erroneous view that the Commission found Claimant 1 qualified for an award based on Claimant 1's "online publication of the [Report] itself[,]" Br. 18 (emphasis omitted), which mischaracterizes the Commission's rationale.

30

Agreeing with the Claims Review Staff's recommendation, the Commission concluded that Claimant 1 was *ineligible* for an award because Claimant 1 did not "submit[] a tip in the prescribed manner[.]" A 7-8; *see* Rule 21F-8(a). Then, after affirming the staff's award ineligibility determination, the Commission departed from the staff's recommendation by exercising its Section 36(a) discretion to waive the TCR filing requirements. A 8-10. That exercise of discretion was justified in part by Claimant 1 having submitted the Report directly to a Commission staff attorney via email within days of its publication and before the Commission opened an investigation. *Id*. Contrary to petitioner's argument, the Commission did not conclude that merely publishing the Report online qualified Claimant 1 as a whistleblower under Section 21F(a)(6) and Rule 21F-2(a)(1).

Petitioner likewise erroneously claims that the Commission acted "incoherently" by finding both that Claimant 1 provided original information in its November 24 email submission of the Report and that the investigation opened "as a result of the Enforcement Investigative Attorney discovering [the Report made public on November 21] through their own Internet search[.]" Br. 6 (quoting A 9). As an initial matter,

petitioner's claim has no bearing on the Commission's determination as to *petitioner*, but even if it was relevant, there is no incoherence. Petitioner overlooks the Commission's invocation of Rule 21F-4(b)(5), a "look-back" provision that deems a submission of information already obtained by the Commission from another source to be "original information" if that other source obtained the information from the prospective whistleblower. A 9 n.19; Rule 21F-4(b)(5) ("The Commission will consider you to be an original source of the same information that we obtain from another source if the information satisfies the definition of original information and the other source obtained the information from you or your representative."). That qualified Claimant 1's November 24, 2011 email submission of the Report as "original information." A 9.

   *Second*, petitioner's argument that the Commission lacked a reasonable basis to conclude "that [petitioner] did not assert that [petitioner was] an author or sender of the November 21 email, when [petitioner] did so assert, at least implicitly[,]" Br. 20, is doubly flawed. As that statement's final, hedging clause suggests, petitioner made no such assertion before the Commission. And substantial evidence

supported the Commission's conclusion that "[petitioner] has failed to show that [petitioner] provided . . . information directly to the Commission." A 11.  Moreover, the "November 21 email" is *not* the email sent by Claimant 1 to a Commission enforcement attorney that the Commission relied on (among other things) in exercising its Section 36(a) discretion in Claimant 1's favor. That email was sent by Claimant 1 "just three days after the [Report] was released online[,]" i.e., on November 24, 2011. A 7. Petitioner does not claim to have had any role in sending the November 24 email relied on by the Commission or to have even been aware of Claimant 1 having sent it. Br. 22.

Petitioner had two chances before the Commission to present information concerning whistleblower eligibility—in the initial claim application and in contesting the Claims Review Staff's recommendation to deny petitioner's application—and did not claim to have directly provided information to the Commission in either. The initial award claim asserted *only* that the Commission learned of petitioner's information via "news media" coverage of the Report. A 121. And the additional materials petitioner submitted to contest the adverse preliminary determination claimed only that "[t]he SEC was

directly notified of the [Report] in November 2011 via" an email push notification, tweets, and news coverage.[9] A 138. Petitioner made no claim in any of these statements that *petitioner* had transmitted the Report to the Commission through those means.[10]

Petitioner belatedly asserts that petitioner drafted portions of the November 21 email and was "even in the room with the person who had the password login information for the email list . . . when they pressed send." Br. 21. The Court should disregard these claims because they are based on a declaration dated August 20, 2022—well after the challenged final order—that was not before the Commission when it made its decision and thus is not part of the administrative record. App. 34. Nor does petitioner attempt to explain what prevented petitioner from making this allegation in either of the two opportunities to provide a basis for petitioner's award claim. In any event, the allegation's

---

[9] The Twitter account referenced is associated with ▮▮▮▮▮▮▮▮, the entity who published and publicized the Report.

[10] Petitioner also submitted a screenshot of an "Email Distribution of [the Report] on 11/21/11" that "[o]n information and belief . . . was transmitted to several '@sec.gov' accounts[.]" A 142. That email— presumably what petitioner references as the "November 21 email," Br. 20-22—was sent from "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and bears no indicia that petitioner authored or sent it.

content confirms the reasonableness of the Commission's conclusion that petitioner did not claim to have sent the November 21 email because it directly states as much: petitioner's passive observation of another person sending an email to a distribution list is not equivalent to petitioner sending that email.

Because petitioner never claimed to have directly transmitted the Report or any other information to the Commission, substantial evidence supported the Commission's decision not to exercise its discretion to exempt petitioner from the fundamental requirement that a whistleblower submit information directly to the Commission. *Dig. Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 777 (2018) (In light of the statute's "unequivocal" definition of a whistleblower as "any individual who provides . . . information relating to a violation of the securities laws to the Commission[,]" "[c]ourts are not at liberty to dispense with the condition—tell the SEC—Congress imposed." (first alteration in original) (emphasis omitted) (quoting Section 21F(a)(6)).

## II.  Record augmentation is unwarranted.

Petitioner's request in the opening brief that this Court compel the Commission to augment the record on appeal to include certain materials concerning non-party Claimant 1, Br. 22-25, is meritless.[11]

1.  Petitioner's request ignores or misunderstands the Commission's stated basis for denying petitioner's award application. *See NLRB v. CNN Am., Inc.*, 865 F.3d 740, 751 (D.C. Cir. 2017) (The "grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)); *NVE, Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182, 189 (3d Cir. 2006) ("In a challenge to administrative action under the APA, the administrative record cannot normally be supplemented.").[12] The Commission denied

---

[11] As set forth *supra* at 18-19, petitioner separately moved to augment the record to include A 162-90, which the Commission opposed, App. 34. Motion practice is likewise mandated for the augmentation request for Claimant 1's materials made in petitioner's brief, and that procedural flaw supplies additional grounds for its denial. Fed. R. App. 27(a)(1) ("application for an order or other relief is made by motion"); *see Brady v. Ostrager*, 834 F. App'x 616, 619 (2d Cir. 2020) (declining to address request to enter show cause order because it was not sought by motion).

[12] A narrow exception to this rule sometimes applies where a petitioner seeks a "trial de novo by the reviewing court" under 5 U.S.C. § 706(2)(F) to determine if the administrative action is "unwarranted by the facts."

petitioner's award application because petitioner did not submit
information about a securities law violation to the Commission. A 10-
13. That fact both disqualified petitioner as a whistleblower and
justified the Commission's decision not to exempt petitioner from the
myriad of procedures and statutes with which petitioner had failed to
comply. *Id*. Because the fundamental goal of the whistleblower program
is to motivate those with inside or special knowledge "to come forward
and assist the Government[,]" it is unsurprising that the Commission
"ha[d] never before granted" an exemption from the "require[ment] that
an individual provide information 'to the Commission'" and the
Commission reasonably declined petitioner's request for such relief. A
13 (emphasis omitted) (first quoting S. Rep. No. 111-176, at 110 (2010);
then quoting Section 21F(a)(6)).

Echoing that core purpose, the Commission's denial rationale
rests on petitioner's own failure to submit information directly to the
Commission. Because the details of *Claimant 1*'s submissions are

---

*NVE*, 436 F.3d at 189. That exception is inapplicable, however, because
petitioner has invoked not § 706(2)(F) but only § 706(2)(A), Br. at 17.

irrelevant to that rationale, there is no need for this Court to review Claimant 1's materials to adjudicate the petition for review.

Likewise, petitioner's request to expand the record is not supported by the Commission's brief reference to Claimant 1 in explaining why the Commission was declining to exercise its discretionary exemptive authority to excuse petitioner's noncompliance with its whistleblower rules even though it had done so with respect to Claimant 1. A 13. The Commission's determination not to waive petitioner's noncompliance was based solely on what *petitioner* communicated to the Commission—nothing—not on what Claimant 1 did. As such, the materials related to Claimant 1 were appropriately excluded from the record on this appeal. *Doe v. SEC*, 729 F. App'x 1, 3 (D.C. Cir. 2018) (declining request to supplement record with submissions by non-party whistleblower claimant because "[w]e can assess whether that determination [denial of Doe's award claim] is supported by substantial evidence without any materials related to" the non-party claimant); *see generally* Rule 21F-12 (describing the materials that constitute the record on appeal).

38

2.  Relatedly, petitioner's request to augment the record seems to wrongly assume that the addition of new evidence to undermine the Commission's exercise of discretion in Claimant 1's favor would require granting petitioner's award application. The Commission's order was not premised on such an assumption, which would be inconsistent with the applicable statutes and rules. Consistent with those provisions, the Commission evaluates each award application on its own merits rather than administering a winner-take-all contest of merits among all applicants. *See* Rule 21F-3(a) (directing that "the Commission will pay an award or awards to one *or more whistleblowers*" who meet applicable prerequisites (emphasis added)).

Since the Commission was not required to choose between Claimant 1 and petitioner in granting an award (or exercising exemptive relief permitting an award), Claimant 1's submissions are properly included in the record on this appeal of the denial of petitioner's claim only if the Commission relied on those materials in denying *petitioner*'s claim. As discussed above, it did not: the Commission denied petitioner's claim because petitioner *never* claimed

to have submitted information to the Commission, not because Claimant 1 submitted more helpful or timelier information.[13]

3. Petitioner's request to augment the record is not advanced by petitioner's general and unsupported suggestions about "Claimant 1 being granted more access to, and opportunity to be heard before the SEC than was [petitioner]" due to Claimant 1's representation "by a former senior SEC official involved in the whistleblower program[.]" Br. 24-25. Petitioner points to nothing that suggests favoritism had any role

---

[13] Petitioner makes a glancing reference to the Commission's ability to treat claimants jointly. Br. 20, 22. If this is a bid for remand with instructions to consider whether joint treatment is appropriate, it is forfeited both because it amounts to a "passing reference" rather than a developed argument, *see Laborers' Int'l Union of North America v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (internal quotation marks omitted), and because petitioner did not press it before the Commission, *Advocates for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*, 429 F.3d 1136, 1149 (D.C. Cir. 2005). It is also meritless because petitioner has not pointed to anything suggesting Claimant 1 and petitioner acted jointly when Claimant 1 (but not petitioner) provided information directly to the Commission. *See Order Determining Whistleblower Award Claims*, Exchange Act Rel. No. 91902, 2021 WL 1966328, at *2 (May 17, 2021) (claimants are treated jointly when "the record is clear that they presented themselves to the Commission as joint whistleblowers when they provided their information to the Commission"); *see also Johnston v. SEC*, --- F.4th ---, No. 21-1132, 2022 WL 4390865 (D.C. Cir. Sept. 23, 2022) (upholding the Commission's interpretation of statute and rules applicable to joint claimants).

in the Commission's decision-making. Nor has petitioner identified any potentially relevant information that petitioner wished to but could not present to the Commission due to purportedly limited access. To the contrary, as petitioner acknowledges, petitioner provided additional information to staff following the preliminary decision and "had a conversation with an assistant to the head of the SEC Office of the Whistleblower" about that preliminary decision. Br. 8-9. In any case, petitioner offers no specifics as to what records might "reflect[]" to what "degree such increased access and opportunity factored into the Final Order," Br. 25. Accordingly, this Court should deny petitioner's request to expand the record.

# CONCLUSION

The petition for review should be denied.

Respectfully submitted,

DAN M. BERKOVITZ
General Counsel

MICHAEL A. CONLEY
Solicitor

EMILY T. PARISE
Senior Appellate Counsel

*s/ Michael J. Kelly*
MICHAEL J. KELLY
Appellate Counsel
Securities & Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9040
(202) 551-7817 (Kelly)
kellymich@sec.gov

October 5, 2022

# CERTIFICATIONS

I hereby certify that:

1.     I am an attorney representing a federal government agency. *See* 3d Cir. L.A.R. 28.3(d) & Committee Comments; *id*. 46.1(e).

2.     This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because it contains 7,754 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

3.     I further certify that this brief complies with the typeface and typestyle requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in 14-Point Century Schoolbook.

4.     The electronic version of this brief is identical to the paper copies filed separately with the Clerk of Court.  *See* 3d Cir. L.A.R. 31.1(c).

5.     Using McAfee EndPoint Security Platform, Version 10.7.0.3468, updated September 3, 2022, the electronic version of this

brief was scanned for viruses and found to contain none.  *See* 3d Cir.

L.A.R. 31.1(c).

*s/ Michael J. Kelly*

MICHAEL J. KELLY

Dated: October 5, 2022

# CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2022, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system. I further certify that all participants in this case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

*s/ Michael J. Kelly*
MICHAEL J. KELLY

Dated: October 5, 2022